NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0180n.06

Case No. 19-3536

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**FILED**
Apr 08, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| MYRON L. PRYOR, | ) ) | |
| Defendant-Appellant. | ) ) | |
| | ) | OPINION |

BEFORE: SUTTON, McKEAGUE, and DONALD, Circuit Judges.

PER CURIAM. Myron Pryor raises a claim for ineffective assistance of counsel on direct appeal. Ineffective-assistance-of-counsel claims are mixed questions of law and fact, which we review *de novo*. *United States v. Ferguson*, 669 F.3d 756, 761 (6th Cir. 2012).

We typically decline to address ineffective-assistance-of-counsel claims on direct appeal, however, unless the "existing record is adequate to assess properly the merits of the claim." *United States v. Hynes*, 467 F.3d 951, 969 (6th Cir. 2006) (quoting *United States v. Franklin*, 415 F.3d 537, 555-56 (6th Cir. 2005)). When an ineffective-assistance-of-counsel claim is raised on direct appeal, the Court and counsel "must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Ferguson*, 669 F.3d at 762 (quoting *Massaro v. United States*, 538 U.S. 500, 504-05 (2003)).

We find the record insufficiently developed to support Pryor's claim of ineffective assistance of counsel. Pryor argues that his defense counsel failed to submit a properly briefed motion to suppress evidence, and further failed to file a reply. To review Pryor's arguments, we would need further evidence, such as an affidavit from Pryor's defense attorney stating why he chose not to supply further information pertaining to the motion to suppress. This evidence is not in the record.

We have previously held that a petition under 28 U.S.C. § 2255 is the "preferred mode for raising a claim of ineffective assistance of counsel." *Ferguson*, 669 F.3d at 762 (citing *Massaro*, 538 U.S. at 504). Deferring ineffective-assistance-of-counsel claims to Section 2255 proceedings allows the matter to be litigated first in the district court, "which is 'the forum best suited to developing the facts necessary to determining the adequacy of representation' because it may take testimony from witnesses including the defendant, prosecution, and counsel." *Id.* (quoting *Massaro*, 538 U.S. at 505-06).

For these reasons, we **DISMISS** the appeal without prejudice to Pryor's right to raise the claim in a proceeding pursuant to 28 U.S.C. § 2255.